```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MEREDITH MANOPELLA-FLETCHER,
                    Plaintiff,
                                            22-CV-0693(JS)(ST)
    -against-                               MEMORANDUM & ORDER
                                               -- and --
BAYER, INC., BAYER CORP., BAYER             ORDER TO SHOW CAUSE
HEALTHCARE LLC., BAYER ESSURE INC.,
fka CONCEPTUS, INC., BAYER
HEALTHCARE PHARMACEUTICALS, INC.,
and BAYER A.G.,
                    Defendants.
----------------------------------X
```

APPEARANCES:

For Plaintiff:           Jeffrey E. Litman, Esq.
                         Litman Law Firm
                         5 Bering Court
                         Woodbury, New York  11797

For Defendant Bayer Corp.:  Michelle A. Ramirez, Esq.
                         Sidley Austin LLP
                         One South Dearborn
                         Chicago, Illinois  60603

                         Alan E. Rothman, Esq.
                         Sidley Austin LLP
                         787 Seventh Avenue
                         New York, New York  10019

                         John L. Gibbons, Esq.
                         Sidley Austin LLP
                         1501 K Street NW
                         Washington, DC  20005

**SEYBERT, District Judge:**

        Plaintiff commenced this action asserting state law claims for negligence, strict liability, failure to warn, and

breach of warranty arising from her having the Essure[1] device inserted into her body.  Presently before the Court is the unopposed dismissal motion ("Motion") of Defendant Bayer Corporation ("Bayer").[2]  (See Motion, ECF No. 9; see also Support Memo, ECF No. 9-1; Reply, ECF No. 10.)  For the reasons that follow, the Motion is granted.

## BACKGROUND

On February 7, 2022, Bayer removed this action from state court.  Thereafter, it filed a letter motion seeking permission to file its Motion.  (See ECF No. 7.)  Plaintiff did not respond to the letter motion, and the Court proceeded to set a briefing schedule for the Motion.[3]  (See DRH Mar. 1, 2022 Elec. Order.)  Pursuant to that schedule: moving papers were to be served on April 1, 2022; opposing papers were to be served on May 2, 2022; and, reply papers to be served and the fully briefed Motion to be filed on May 17, 2022.  (See id.)  Bayer's moving papers were served on April 1, 2022; however, Plaintiff failed to serve any opposing papers.  (See Reply at 2; Rothman Decl., Ex. L, ECF No. 10-1, ¶¶ 2-4.)

---

[1]  Essure is a permanent contraceptive device.  (See Support Memo, ECF No. 9-1, at ECF p.9.)

[2]  According to Bayer, the other defendants were not properly served.  (See Support Memo at n.1.)

[3]  This case was originally assigned to Honorable Denis R. Hurley; the undersigned was reassigned the case on July 11, 2022.

**DISCUSSION**

I.  Applicable Law

A Rule 12(b)(6) motion to dismiss should be granted if a plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original). Nor may the plaintiff merely "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (second alteration in original). Moreover, a court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011).

II.  Application

Bayer raises two primary arguments in support its Motion.[4] First, federal law preempts Plaintiff's state law claims, i.e., her: failure-to-warn claim; claims challenging FDA-approved designs; misrepresentation claims; failure-to-report claims; and

---

[4] Bayer also asserts an additional basis warranting dismissal: "Plaintiff failed to serve any opposition to Bayer's Motion to Dismiss, and so has abandoned both her claims and any arguments in support of them." (Reply at 2.)

manufacturing-defect claim. (See Support Memo at 5-13.) Second, the claims are inadequately plead. (See id. at 13-16.)

Plaintiff's claims are properly dismissed on preemption grounds. The Medical Device Amendments ("MDA") to the federal Food, Drug, and Cosmetic Act ("FDCA") grant the U.S. Food and Drug Administration ("FDA") exclusive authority to regulate medical devices and create a comprehensive "regime of detailed federal oversight." Riegel v. Medtronic, Inc., 552 U.S. 312, 316 (2008). Under the MDA, devices that "support[] or sustain[] human life" or "present[] a potential unreasonable risk of illness or injury" are designated "Class III" devices. 21 U.S.C. § 360c(a)(1)(C)(ii). As a number of courts have held, Essure belongs to the small category of complex and innovative Class III devices that the FDA comprehensively and exclusively regulates through its "rigorous" pre-market approval process. See, e.g., Olmstead v. Bayer Corp., No. 3:17-CV-0387, 2017 WL 3498696 (N.D.N.Y. Aug. 15, 2017) (granting motion to dismiss); English v. Bayer Corp., 468 F. Supp. 3d 573 (W.D.N.Y. 2020) (same); Noel v. Bayer Corp., 481 F. Supp. 3d 1111 (D. Mont. 2020) (same); Hill v. Bayer Corp., 485 F. Supp. 3d 843 (E.D. Mich. 2020) (same); Norman v. Bayer Corp., No. 3:16-cv-0253, 2016 WL 4007547 (D. Conn. July 26, 2016) (same); De La Paz v. Bayer Healthcare LLC, 159 F. Supp. 3d 1085 (N.D. Cal. 2016) (same). Therefore, Plaintiff's claims are preempted by federal law.

Because of this preemption, Plaintiff's state law claims are not plausible, warranting the dismissal of her claims against Bayer. Further, because Plaintiff failed to respond to Bayer's arguments raised in its Motion, she is deemed to have abandoned her claims, which abandonment is an independent basis for granting dismissal. See, e.g., Laface v. E. Suffolk BOCES, No. 18-CV-1314, 2019 WL 1959489, at *8 (E.D.N.Y. May 2, 2019) (quoting Youmans v. Schriro, No. 12-CV-3690, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013), and collecting cases).

## **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Bayer's Motion (ECF No. 9) is **GRANTED**; all claims against Bayer are dismissed;

**IT IS FURTHER ORDERED** that by no later than November 28, 2022, **Plaintiff is to show cause**, in writing, **why this case should not be dismissed** in its entirety for failure to prosecute. See FED. R. CIV. P. 41(b). **Plaintiff is ON NOTICE:** Failure to timely respond will result in this case being dismissed without further notice.

**SO ORDERED.**

Dated: October 26, 2022          /s/ Joanna Seybert
      Central Islip, New York      Joanna Seybert
                                             United States District Judge